UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **C. DAVID SNYDER,** | : | Case No. 1:06CV1844 |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| **ALL-PAK,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter arises on Defendants' *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Or, in the Alternative, for Lack of Personal Jurisdiction* (Doc. 3), in which Defendants seek to dismiss Plaintiff's complaint on the basis of *res judicata* or for lack of personal jurisdiction, and Defendants' *Motion for Sanctions* (Doc. 6), in which Defendants ask the Court to award sanctions under Federal Rule of Civil Procedure 11. To date, Plaintiff, who is represented by counsel, has not opposed either of Defendants' motions.

Defendants' arguments are well supported in law, and unopposed in fact. Given their facial merit, the Plaintiff's apparent concession of these arguments *via* his failure to oppose them, and for the reasons articulated below, Defendants' *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Or, in the Alternative, for Lack of Personal Jurisdiction* (Doc. 3) and *Motion for Sanctions* (Doc. 6) are **GRANTED**.

## I. BACKGROUND

### A. The 2003 *All-Pak v. Snyder* litigation.

On June 9, 2003, All-Pak, Inc. ("All-Pak") filed a complaint against C. David Snyder ("Snyder") in the Cuyahoga County Court of Common Pleas.  That complaint alleged that Snyder executed a personal guaranty in favor of All-Pak for goods sold on account to Snyder International Brewing Group ("SIBC"), and sought $300,000 for such goods – the maximum amount of the guaranty.  Snyder counterclaimed for fraud and conversion, and sought punitive damages.  Snyder alleged, *inter alia*, that All-Pak: (1) illegally held funds; (2) failed to properly apply payments; and (3) artificially and intentionally inflated its claims.

On July 6, 2004, All-Pak moved for summary judgment as to:  (1) the liability of Snyder under the guaranty, and (2) Snyder's counterclaims for fraud, conversion, and punitive damages.  On December 22, 2004, the trial court granted summary judgment in favor of All-Pak on all of Snyder's counterclaims and for debts accrued by SIBC under Snyder's personal guaranty prior to January 2003.  The trial court held that there was a triable issue of fact as to whether the guaranty applied to debts accrued after January 2003.  The case proceeded to a bench trial, after which the trial court entered judgment in favor of All-Pak and against Snyder for $279,259.68 plus interest.

Snyder appealed the trial court's judgment to the Court of Appeals of Ohio for the Eighth Appellate District.  In sum, Snyder's four assignments of error were: (1) the trial court erred by granting summary judgment to All-Pak; (2) the trial court erred by admitting a summary of alleged debts that did not comport with the Ohio Rules of Evidence; (3) the trial court erred in its determination of damages; and (4) the trial court erred in its determination that the personal guaranty extended to post-receivership debts.  On June 8, 2006, the court of appeals announced its decision

overruling all of Snyder's assignments of error and affirming the trial court's judgment. Snyder did not appeal to the Supreme Court of Ohio.

    **B.**    **The present *Snyder v. All-Pak, et al.* Litigation.**

On July 11, 2006, Snyder filed a complaint in the same common pleas court asserting two counts of fraud and one count of unjust enrichment against All-Pak and four of All-Pak's officers. The complaint was removed on August 1, 2006 pursuant to 28 U.S.C. § 1441. Snyder has not filed a motion to remand. Defendants filed a motion to dismiss on August 8, 2006 (Doc. 3) and a motion for sanctions (Doc. 6) on August 29, 2006.[1] Snyder has not responded to either of Defendants' motions.[2]

**II.**    **DISCUSSION OF DEFENDANTS' MOTION TO DISMISS.**

    **A.**    **Standard of Review.**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Res., Inc, v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 136, 1239-40 (6th Cir. 1993)). This standard of review, however, "does require more than the bare assertion of legal conclusions." *Id.* (citing *Allard*, 991 F.2d at 1240). "In practice, a . . . complaint must contain either direct or

---

[1] In accordance with Federal Rule of Civil Procedure 11(c)(1)(A), All-Pak sent Plaintiff's counsel a copy of the Motion for Sanctions on August 2, 2006 and requested voluntary dismissal of the complaint.

[2] On two occasions, this Court has granted Snyder's requests for extensions of time to respond to Defendants' Motion for Sanctions, nevertheless he has failed to respond. Snyder has not sought an extension of time to respond to Defendants' Motion to Dismiss.

3

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quotations and citations omitted). Further, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

When ruling on a motion to dismiss under Rule 12(b)(6), a court may properly consider public records, including those originating from prior litigation. *New England Health Care Employees Pension Fund v. Ernst & Young LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (reviewing the allegations in a party's earlier complaint when ruling on a motion to dismiss). Thus, this Court properly considers the record from the *All-Pak v. Snyder* litigation in the Ohio state courts.

### B. Ohio Preclusion Law and the Full Faith and Credit Act Bar Plaintiff's Claims.

All-Pak asserts, via its motion to dismiss, that the prior judgments against Snyder in the Ohio state courts preclude Snyder's current claims. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Id.*; 28 U.S.C. § 1738. This Court, therefore, must apply Ohio preclusion law.

In Ohio, courts adhere to the "modern application" of claim preclusion, which holds that "a valid final judgment bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). Specifically, for the judgment in the prior *All-Pak v. Snyder* litigation to have preclusive effect in Ohio, there must be: (1) a prior final valid decision on the merits; (2) a second action involving the same parties, or their privities, as the first; (3) a second action raising

4

claims which were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999) (citations omitted).

It is beyond dispute that the Cuyahoga County Court of Common Pleas was a competent court which rendered a final decision. Second, the current action involves the same parties, or their privities, as the action disposed of in state court.[3] The remaining elements require a comparison between Snyder's current complaint and the record of the state court proceedings to determine whether the second complaint's claims arise out of the same transaction and were, or could have been, litigated during the original state court proceedings.

### C. The Current *Snyder v. All-Pak, et al.* Complaint.

Snyder's current complaint alleges two counts of fraud and one count of unjust enrichment against All-Pak and four of its officers. An examination of the claims presented in the current complaint reveals that they are based upon the same transaction – the personal guaranty – and were, or could have been, litigated in the first action.

#### 1. Count One, Fraud, Is Precluded By The State Court's Judgment.

In count one, Snyder claims that Defendants intentionally and maliciously misrepresented the nature of the personal guaranty to Snyder and the state courts by claiming that the guaranty secured a run of specialty green bottles. An examination of the prior proceedings in the state courts, however, reveals that Snyder already argued that the personal guaranty contained limitations – indeed, precisely with respect to the green bottles – and lost. The Eighth District Court of Appeals

---

[3] Though the current complaint adds four officers of All-Pak, corporate officers generally are considered to be in privity with their associated corporations. *Sanders Confectionary Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

stated: "[a]ppellant [Snyder] argues that the guaranty contained limitations, specifically covering 7 oz. green bottles. However, there are no limitations included in the personal guaranty related to the type of bottles sold and shipped." *All-Pak, Inc. v. Snyder*, No. 86696, 2006 WL 1555795, at *2 (Ohio App. 8 Dist. June 8, 2006). Thus, Snyder's first claim of fraud arises from the personal guaranty and was litigated in the state courts. Accordingly, it is precluded by the prior state court judgment.

### 2. Count Two, Fraud, Is Precluded By The State Court's Judgment.

In count two, Snyder alleges that All-Pak: (1) failed to credit Snyder for payments or for insurance proceeds; (2) sought to satisfy post-receivership debt for which Snyder was not liable; (3) provided account summaries rather than actual invoices in an effort to distort the evidence; and (4) asserted that an affidavit was based on personal knowledge when it was not.[4]

Again, these allegations arise from the same subject matter of the first action – the disputed personal guaranty. A review of the records in the previous state court actions also shows that Snyder litigated these points before the trial and appellate court. Before the trial court, in the prior action, Snyder's counterclaim alleged that All-Pak "fraudulently and illegally held funds and failed to apply payment of such funds . . . ." The issue of the application of payments about which Snyder now complains was litigated and adjudicated by the trial court on summary judgment. At the appellate level, Snyder asserted "[t]he trial court erred . . . by allowing the admission of a summary of alleged

---

[4] To the extent Snyder's conclusory allegations attempt to insinuate a fraud on the court, they are insufficient to plead fraud with the requisite particularity in a manner sufficient to permit All-Pak to respond. Snyder, for example, has not alleged whether he discovered the fraud before, during, or after the proceedings; whether the court was involved; or whether the matter was raised during the state court proceedings. Fed. R. Civ. P. 9(b); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003).

debts . . ." and "[t]he trial court erred in its determination that the personal guarantee was applicable to the post-receivership debt" as assignments of error II and IV, respectively. Thus, the evidentiary summary and post-receivership debt issues, also arising from the personal guaranty, were previously litigated (and affirmed on appeal). Accordingly, Snyder's second claim of fraud is barred.

### 3. Count Three, Unjust Enrichment Is Precluded By The State Court's Judgment.

In Count III, Snyder alleges that All-Pak has been unjustly enriched by "retain[ing] (via judgment) money which in justice and equity belong to Snyder." Once again, Snyder's allegations with respect to this cause of action are based on the operation of the personal guaranty and the state court's evidentiary determinations. Snyder could have sought relief under the theory of unjust enrichment, and/or raised his evidentiary objections during the prior action, but he did not. In Ohio, he is now barred from re-litigating those same facts, even under different theories of recovery. *Grava*, 653 N.E.2d 226, 229 (Ohio 1995). This Court is not available as an additional court of appeals to reexamine state court judgments which were made, and made final, long ago.

## III. DISCUSSION OF DEFENDANTS' MOTION FOR SANCTIONS.

All-Pak's second motion seeks monetary sanctions against Snyder and his attorney for violating Federal Rule of Civil Procedure 11. Specifically, All-Pak claims that the current action is presented only to cause All-Pak unnecessary delay and expense (justifying sanctions against Snyder), and that the claims are unwarranted and frivolous (justifying sanctions against Snyder's counsel). Again, Plaintiff has apparently conceded these arguments *via* his failure to rebut them. Moreover, Plaintiff's recurring requests for extensions of time, inability to meet response deadlines, and complete failure to respond to Defendants' arguments support Defendant's contention that Plaintiff's

7

sole purpose is to delay the proceedings and inflate litigation costs.

Sanctions are also appropriate where, as here, the claims being asserted clearly are barred by the doctrine of *res judicata*. *See Pittman v. Michigan Corrections Org.,* No. 03-2437, 2005 WL 65516, at *3 (6th Cir. Jan. 7, 2005) (holding that an attorney's subjective belief that claims are not barred by *res judicata* does not prevent the imposition of Rule 11 sanctions); *Hulen v. Polyak*, Nos. 84-6090 & 85-5032, 1985 WL 14104, at *2 (6th Cir. Dec. 17, 1985) (affirming sanctions when: "[p]laintiff unequivocally knew that a court of competent jurisdiction had already entertained litigation involving the identical subject matter, issues and parties;" noting "[u]nder these circumstances, it is reasonable to conclude that this appellant did not have a good faith belief that her suit was well founded.").

The circumstances of this case are akin to those in *Schiappa v. Wheeling-Pittsburgh Steel Corp.*, 146 F.R.D. 153 (S.D. Ohio 1993). In *Schiappa*, the district court sanctioned plaintiff's attorney under Rule 11 for filing a complaint in an Ohio state court that was barred by the doctrine of claim preclusion. *Id*. at 157-58. The court considered that, as here, the complaint at issue was filed in state court and subsequently removed by the defendant to federal court. The court reasoned that, though a district court "does not ordinarily have jurisdiction to address Rule 11 violations which occur solely in the state courts . . . . the duties imposed upon attorneys under Rule 11 are continuing duties. . . ." *Id.* at 157 (citing *Herron v. Jupiter Transp. Co.*, 853 F.2d 332 (6th Cir 1988)). Thus, "the [district] Court can impose sanctions under that rule if a reasonable inquiry, after a case is removed to federal court, would reveal the fact that continuation of the litigation was in violation of Rule 11." *Id*. As discussed above, Plaintiff's claims are barred by the doctrine of *res judicata* as they have been completely litigated in Ohio state courts. Sanctions, therefore, are appropriate.

8

**IV. CONCLUSION.**

For the foregoing reasons, Defendants' *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Or, in the Alternative, for Lack of Personal Jurisdiction* (Doc. 3) and *Motion for Sanctions* (Doc. 6) are **GRANTED**. **Within ten (10) days of the date of this Order**, counsel for Defendants shall submit to the Court an affidavit (with supporting records) to be submitted *in camera* reflecting the fees and expenses incurred during the preparation of Defendants' *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Or, in the Alternative, for Lack of Personal Jurisdiction* (Doc. 3) ("Motion to Dismiss") and *Motion for Sanctions* (Doc. 6). Upon receipt and consideration of these materials, the Court will determine the appropriate amount of the sanction to be imposed against Plaintiff and Plaintiff's counsel to deter future Rule 11 violations. The Court then will issue a separate order reflecting its determinations.

**IT IS SO ORDERED.**

                                                s/Kathleen M. O'Malley
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: October 19, 2006**